## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HERMAN FULWILEY, JR.     )
    )
    Plaintiff,     )
    )
    v.     )     NO.   03 C 841
    )
VILLAGE OF FORD HEIGHTS, a Municipal     )     Honorable Judge Holderman
Corporation; OFFICER RILEY, COMMANDER     )     Magistrate Geraldine Soat Brown
BOYD; and OFFICER ROSA and OFFICER     )
DAIGRE Individually and in their Official     )
Capacities as Ford Heights Police Officers;     )
    )
    Defendants.     )

FILED

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
FEB X 4 2004

FEB - 5 2004

### FIRST AMENDED COMPLAINT

Now Comes the Plaintiff, HERMAN FULWILEY, JR., by and through his attorneys,

Jerome F. Marconi & Associates, and complaining of the Defendants, VILLAGE OF FORD

HEIGHTS, a municipal corporation, and OFFICER RILEY, COMMANDER BOYD, AND

OFFICER DAIGRE, individually and in their official capacities as Ford Heights Police Officers,

states as follows:

### PARTIES

1.    Plaintiff, HERMAN FULWILEY, JR. ("FULWILEY"), is a citizen of the United

States and was a resident of Ford Heights, Cook County, Illinois.

2.    Defendant, VILLAGE OF FORD HEIGHTS ("FORD HEIGHTS"), is a municipal

corporation organized under the laws of the State of Illinois.

3.    Officer CARLOS ROSA ("ROSA"), is a citizen of the United States. At all times

relevant, ROSA was a sworn member of the Village of Ford Heights Police Department, and

acting under color of law and within the scope of his employment as an agent, servant, and/or



employee of Defendant Ford Heights.

4. Defendant, COMMANDER JIMMY BOYD ("BOYD"), is a citizen of the United States. At all times relevant, Defendant BOYD was a sworn member of the Village of Ford Heights Police Department, and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant Ford Heights.

5. Defendant, OFFICER CHRISTOPHER DAIGRE ("DAIGRE"), is a citizen of the United States. At all times relevant, Defendant DAIGRE was a sworn member of the Village of Ford Heights Police Department, and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant Ford Heights.

6. Defendant, OFFICER LONZO RILEY ("RILEY"), is a citizen of the United States. At all times relevant, Defendant RILEY was a sworn member of the Village of Ford Heights Police Department, and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant Ford Heights.

7. Ford Heights Police Department is a municipal department of Defendant, VILLAGE OF FORD HEIGHTS.

## JURISDICTION AND VENUE

8. This is an action brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Illinois.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that all Defendants are residents of this District and all the acts or omissions which give rise to this cause of action

occurred in this District.

## FACTS

11.     On or about March 17, 2002 , at approximately 10:00 p.m., Plaintiff FULWILEY was visiting his brother at 974 E. 17th Street, Ford Heights, Illinois. When FULWILEY left his brother's house, he was confronted by the defendants who were hiding behind a van.

12.     FULWILEY was not violating any laws or engaged in any criminal activity when he walked out of the house. When the defendants began to interrogate FULWILEY, he complied with the officers' commands and explained that he was visiting his brother.

13.     Defendants began to verbally abuse FULWILEY and told him that they were placing him under arrest. FULWILEY explained that he had permission to be at his brother's house who was home at the time defendants stopped FULWILEY.

14.     While FULWILEY was trying to explain his purpose for being at the home he was visiting, Defendant BOYD placed handcuffs on FULWILEY and told him that he was under arrest.

15.     After handcuffing FULWILEY's hands behind his back, BOYD used a cigarette lighter to heat the handcuffs which were around FULWILEY's wrists. When FULWILEY objected to the handcuffs being too hot, BOYD flipped FULWILEY to the ground in the presence of the other defendants.

16.     After FULWILEY was thrown to the ground, Defendants struck FULWILEY with a flashlight and/or other objects in the face fracturing his eye socket. FULWILEY was still in handcuffs when he was struck by defendants.

17.     After the defendants struck FULWILEY in the face with the flashlight,

3

Defendants kicked and stomped FULWILEY as he lay on the ground.

18.     During the time FULWILEY was being beaten by the defendants, none of the defendants ever tried to intervene to prevent the beating of FULWILEY. Further, the defendants refused to provided any medical attention to FULWILEY after he was severely beaten and instead transported him to the Ford Heights Police Department where he remained handcuffed and in custody .

19.     Subsequently, FULWILEY was brought to St. James Hospital where he received treatment for his injuries.

### COUNT I - Excessive Force (BOYD)

20.     Plaintiff realleges paragraphs 1-19 of this Complaint as paragraphs 1-19 of Count I as though fully set forth herein.

21.     The conduct of Defendant BOYD in punching, handcuffing, and striking FULWILEY was objectively unreasonable and constituted an excessive use of force in that the BOYD's conduct was not reasonably necessary under the circumstances. Further, the conduct of Defendant BOYD was done deliberately and maliciously with the intent to injure FULWILEY. Defendant BOYD's conduct violated Plaintiff's right to be free from unreasonable search and seizures under the Fourth Amendment of the United States Constitution.

22.     As a direct and proximate result of Defendant BOYD's conduct, Plaintiff suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured eye socket, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendant BOYD and award him such legal and equitable damages to which he is

4

entitled.

## COUNT II - Excessive Force (RILEY)

23.    FULWILEY realleges paragraphs 1-22 of this Complaint as paragraphs 1-22 of Count II as though fully set forth herein.

24.    The conduct of Defendant RILEY in punching, handcuffing, and striking FULWILEY was objectively unreasonable and constituted an excessive use of force in that the RILEY's conduct was not reasonably necessary under the circumstances. Further, the conduct of Defendant RILEY was done deliberately and maliciously with the intent to injure FULWILEY. Defendant RILEY's conduct violated Plaintiff's right to be free from unreasonable search and seizures under the Fourth Amendment of the United States Constitution.

25.    As a direct and proximate result of Defendant RILEY's conduct, Plaintiff suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured eye socket, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendant RILEY and award him such legal and equitable damages to which he is entitled.

## COUNT III - Excessive Force (DAIGRE)

26.    FULWILEY realleges paragraphs 1-25 of this Complaint as paragraphs 1-25 of Count III as though fully set forth herein.

27.    The conduct of Defendant DAIGRE in punching, handcuffing, and striking FULWILEY was objectively unreasonable and constituted an excessive use of force in that the DAIGRE's conduct was not reasonably necessary under the circumstances. Further, the conduct

5

of Defendant DAIGRE was done deliberately and maliciously with the intent to injure FULWILEY. Defendant DAIGRE's conduct violated Plaintiff's right to be free from unreasonable search and seizures under the Fourth Amendment of the United States Constitution.

28.     As a direct and proximate result of Defendant DAIGRE's conduct, FULWILEY suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, JR. prays for judgment in his favor and against Defendant DAIGRE and award him such legal and equitable damages to which he is entitled.

### COUNT IV - 42 U.S.C. § 1983 (BOYD)
#### (Refusal to Intervene or Provide Medical Attention)

29.     Plaintiff realleges paragraphs 1-28 of this Complaint as paragraphs 1-28 of Count IV as though fully set forth herein.

30.     Defendant BOYD, in addition to punching, handcuffing, and striking FULWILEY, was also present while the other Defendants beat and kicked FULWILEY. Despite observing FULWILEY bleeding profusely from his face and head, failed to intervene in the beating of FULWILEY and refused to provide or otherwise secure medical attention for FULWILEY. BOYD's actions were objectively unreasonable and violated Plaintiff's right not to be deprived of life, liberty, or property without due process of law as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution and to be free from unreasonable seizures under the Fourth Amendment.

31.     As a direct and proximate result of Defendant BOYD's conduct, Plaintiff

6

suffered severe and permanent personal injuries, including but not limited to physical pain and

suffering, a fractured eye socket, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and

against Defendant BOYD and award him such legal and equitable damages to which he is

entitled.

## COUNT V - 42 U.S.C. § 1983 (RILEY)
### (Refusal to Intervene or Provide Medical Attention)

32.    Plaintiff realleges paragraphs 1-31 of this Complaint as paragraphs 1-31 of Count

V as though fully set forth herein.

33.    Defendant RILEY, in addition to punching, handcuffing, and striking

FULWILEY, was also present while the other Defendants beat and kicked FULWILEY.  Despite

observing FULWILEY bleeding profusely from his face and head, failed to intervene in the

beating of FULWILEY and refused to provide or otherwise secure medical attention to

FULWILEY.  RILEY's actions were objectively unreasonable and violated Plaintiff's right not to

be deprived of life, liberty, or property without due process of law as guaranteed to Plaintiff

under the Fourteenth Amendment to the United States Constitution and to be free from

unreasonable seizures under the Fourth Amendment.

34.    As a direct and proximate result of Defendant RILEY's conduct, Plaintiff

suffered severe and permanent personal injuries, including but not limited to physical pain and

suffering, a fractured eye socket, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and

against Defendant RILEY and award him such legal and equitable damages to which he is

entitled.

## COUNT VI - 42 U.S.C. § 1983 (DAIGRE)
### (Refusal to Intervene or Provide Medical Attention)

35.     Plaintiff realleges paragraphs 1-34 of this Complaint as paragraphs 1-34 of Count VI as though fully set forth herein.

36.     Defendant DAIGRE, in addition to punching, handcuffing, and striking FULWILEY, was also present while the other Defendants beat and kicked FULWILEY.  Despite observing FULWILEY bleeding profusely from his face and head, failed to intervene in the beating of FULWILEY and refused to provide or otherwise secure medical attention to FULWILEY.  DAIGRE's actions were objectively unreasonable and violated Plaintiff's right not to be deprived of life, liberty, or property without due process of law as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution and to be free from unreasonable seizures under the Fourth Amendment.

37.     As a direct and proximate result of Defendant DAIGRE's conduct, Plaintiff suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured eye socket, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendant DAIGRE and award him such legal and equitable damages to which he is entitled.

## COUNT VII - BATTERY (BOYD and VILLAGE OF FORD HEIGHTS)

38.     Plaintiff realleges paragraphs 1-37 of this Complaint as paragraphs 1-37 of Count VII as though fully set forth herein.

8

39.     Defendant, VILLAGE OF FORD HEIGHTS, by and through its agent, servant, and/or employee, Defendant BOYD, intentionally, willfully, wantonly, and without legal justification made unlawful physical contact with and caused bodily harm to Plaintiff.

40.     As a direct and proximate result of Defendants VILLAGE OF FORD HEIGHTS and BOYD's intentional and deliberate actions, Plaintiff suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured eye socket, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendants BOYD and VILLAGE OF FORD HEIGHTS and award him such legal and equitable damages to which he is entitled.

## COUNT VIII - BATTERY (RILEY and VILLAGE OF FORD HEIGHTS)

41.     Plaintiff realleges paragraphs 1-40 of this Complaint as paragraphs 1-40 of Count VIII as though fully set forth herein.

42.     Defendant, VILLAGE OF FORD HEIGHTS, by and through its agent, servant, and/or employee, Defendant RILEY, intentionally, willfully, wantonly, and without legal justification made unlawful physical contact with and caused bodily harm to Plaintiff.

43.     As a direct and proximate result of Defendants VILLAGE OF FORD HEIGHTS and RILEY's intentional and deliberate actions, Plaintiff suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured eye socket, lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendants RILEY and VILLAGE OF FORD HEIGHTS and award him such legal and

9

equitable damages to which he is entitled.

### COUNT IX - BATTERY (DAIGRE and VILLAGE OF FORD HEIGHTS)

44.     Plaintiff realleges paragraphs 1-43 of this Complaint as paragraphs 1-43 of Count
IX as though fully set forth herein.

45.     Defendant, VILLAGE OF FORD HEIGHTS, by and through its agent, servant,
and/or employee, Defendant DAIGRE, intentionally, willfully, wantonly, and without legal
justification made unlawful physical contact with and caused bodily harm to FULWILEY.

46.     As a direct and proximate result of Defendants VILLAGE OF FORD HEIGHTS
and DAIGRE's intentional and deliberate actions, FULWILEY suffered severe and permanent
personal injuries, including but not limited to physical pain and suffering, a fractured eye socket,
lost wages, and attorney fees.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and
against Defendants DAIGRE and VILLAGE OF FORD HEIGHTS and award him such legal and
equitable damages to which he is entitled.

### COUNT X - FALSE IMPRISONMENT (BOYD and VILLAGE OF FORD HEIGHTS)

47.     Plaintiff realleges paragraphs 1-46 of this Complaint as paragraphs 1-46 of Count
X as though fully set forth herein.

48.     After the stop and subsequent beating of FULWILEY, Defendant BOYD
handcuffed FULWILEY and otherwise restrained FULWILEY by forcing him to the ground
while on the scene of the incident.  BOYD furthered imprisoned FULWILEY by transporting
him to the police station and handcuffing him inside an interview room.

49.     FULWILEY was not free to leave the scene after Defendant BOYD handcuffed

10

FULWILEY and informed him he was under arrest.

50.     Prior to and during the detention of FULWILEY, the Defendants did not have reasonable grounds to believe that FULWILEY committed a criminal offense.

51.     The Defendants were not justified in using excessive force against FULWILEY as FULWILEY complied with the orders of BOYD and was otherwise conducting himself peaceably on his brother's property.

52.     As a result of Defendants' unlawful act of falsely imprisoning FULWILEY against his will, FULWILEY suffered and continues to suffer physical and emotional harm as a proximate cause of Defendants' actions.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendants BOYD and VILLAGE OF FORD HEIGHTS and award him such legal and equitable damages to which he is entitled.

**COUNT XI - FALSE IMPRISONMENT (RILEY and VILLAGE OF FORD HEIGHTS)**

53.     Plaintiff realleges paragraphs 1-52 of this Complaint as paragraphs 1-52 of Count XV as though fully set forth herein.

54.     After the stop and subsequent beating of FULWILEY, Defendant RILEY handcuffed FULWILEY and otherwise restrained FULWILEY by forcing him to the ground while on the scene of the incident. RILEY furthered imprisoned FULWILEY by transporting him to the police station and handcuffing him inside an interview room.

55.     FULWILEY was not free to leave the scene after Defendant RILEY handcuffed FULWILEY and informed him he was under arrest.

56.     Prior to and during the detention of FULWILEY, the Defendants did not have

reasonable grounds to believe that FULWILEY committed a criminal offense.

57.     The Defendants were not justified in using excessive force against FULWILEY as FULWILEY complied with the orders of RILEY and was otherwise conducting himself peaceably on his brother's property.

58.     As a result of Defendants' unlawful act of falsely imprisoning FULWILEY against his will, FULWILEY suffered and continues to suffer physical and emotional harm as a proximate cause of Defendants' actions.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendants RILEY and VILLAGE OF FORD HEIGHTS and award him such legal and equitable damages to which he is entitled.

## COUNT XII - FALSE IMPRISONMENT (DAIGRE and VILLAGE OF FORD HEIGHTS)

59.     Plaintiff realleges paragraphs 1-58 of this Complaint as paragraphs 1-58 of Count XII as though fully set forth herein.

60.     After the stop and subsequent beating of FULWILEY, Defendant DAIGRE handcuffed FULWILEY and otherwise restrained FULWILEY by forcing him to the ground while on the scene of the incident. DAIGRE furthered imprisoned FULWILEY by transporting him to the police station and handcuffing him inside an interview room.

61.     FULWILEY was not free to leave the scene after Defendant DAIGRE handcuffed FULWILEY and informed him he was under arrest.

62.     Prior to and during the detention of FULWILEY, the Defendants did not have reasonable grounds to believe that FULWILEY committed a criminal offense.

12

63.     The Defendants were not justified in using excessive force against FULWILEY as FULWILEY complied with the orders of DAIGRE and was otherwise conducting himself peaceably on his brother's property.

64.     As a result of Defendants' unlawful act of falsely imprisoning FULWILEY against his will, FULWILEY suffered and continues to suffer physical and emotional harm as a proximate cause of Defendants' actions.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendants DAIGRE and VILLAGE OF FORD HEIGHTS and award him such legal and equitable damages to which he is entitled.

## COUNT XIII - NEGLIGENT HIRING OR RETENTION
### (VILLAGE OF FORD HEIGHTS)

65.     Plaintiff realleges paragraphs 1-64 of this Complaint as paragraphs 1-64 of Count XIII as though fully set forth herein.

66.     Upon information and belief, Defendants BOYD, DAIGRE, and/or RILEY had violent backgrounds and were not certified law enforcement officers when hired by the Village of Ford Heights.

67.     The Village of Ford Heights either knew of should have known of the violent propensities of the defendants when it hired the defendants and there unfitness as law enforcement officers.

68.     The violent propensities of the defendants as well as the lack of training made defendants unfit for the job and created a foreseeable danger to others.

69.     The unfitness of the defendants, BOYD, DAIGRE and/or RILEY, was the

13

proximate cause of FULWILEY's injuries.

70.     The conduct of the Defendant, Village of Ford Heights, in intentionally hiring and retaining violent and untrained law enforcement officers, was willful and wanton as it was in reckless disregard for the safety of its citizens.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS and award him such legal and equitable damages to which he is entitled.

### COUNT XIV - EXCESSIVE FORCE 42 U.S.C. § 1983
### (Village of Ford Heights - Failure to Train, Supervise, Control)

71.     Plaintiff realleges paragraphs 1-70 of this Complaint as paragraphs 1-71 of Count XIV as though fully set forth herein.

72.     Defendant, Village of Ford Heights, either knew or should have known of the individual defendant(s) violent propensities, criminal backgrounds and lack of qualifications to act as peace officers when the Village of Ford Heights hired the individual defendants.

73.     Defendant, Village of Ford Heights, failed to adequately train, supervise and control its police force which was the moving force behind the brutal attack and deprivation of plaintiff's constitutional rights.

74.     The decision to hire and retain the individual defendants, despite the knowledge of their violent propensities, criminal backgrounds and complaints of brutality, were made by Village official(s) with final policymaking authority for the Village of Ford Heights.

75.     Through its widespread practice of hiring police officers with criminal backgrounds, histories of violence, and failing to investigate subsequent complaints of excessive

14

force and other alleged criminal activity, the Village of Ford Heights has a custom and/or policy of physical violence towards its citizens thus violating plaintiff's constitutional rights.

76.     As a result of Village of Ford Heights actions, FULWILEY suffered and continues to suffer physical and emotional harm as a proximate cause of Defendants' actions.

WHEREFORE, Plaintiff, HERMAN FULWILEY, prays for judgment in his favor and against Defendants VILLAGE OF FORD HEIGHTS and award him such legal and equitable damages to which he is entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

Jerome F. Marconi
Attorney for Plaintiff

Jerome F. Marconi
Jerome F. Marconi & Associates
218 N. Jefferson
Suite 300
Chicago, Illinois 60661
(312) 930-5645

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HERMAN FULWILEY, JR.                    )
                                        )
                 Plaintiff,             )
                                        )
        v.                              )
                                        )   NO.    03 C 841
VILLAGE OF FORD HEIGHTS, a Municipal    )
Corporation; OFFICER RILEY, COMMANDER   )   Honorable Judge Holderman
BOYD; and OFFICER DAIGRE Individually   )   Magistrate Geraldine Soat Brown
and in their Official Capacities as Ford Heights )
Police Officers;                        )
                                        )
                 Defendants.            )

FILED

FEB X 4 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

To:     See attached service list

        **PLEASE TAKE NOTICE** that on the February 4, 2004 the Plaintiff,

Herman Fulwiley, filed with the Clerk for the U.S. District Court for the Northern District of

Illinois, the **1st Amended Complaint**, a copy of which is hereby served upon you.

_____
Jerome F. Marconi

### CERTIFICATE OF SERVICE

        I, Jerome F. Marconi, an attorney, do hereby affirm under oath that I served copies of the
attached 1st Amended Complaint by personal service to the parties on or before the hour of 5:00
p.m., this 4th day of February, 2004.

_____
Jerome F. Marconi

